IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.    Case No. 4:16-cv-426-RH-GRJ

CHARLES PERRY, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on ECF No. 12, Plaintiff's amended complaint under 42 U.S.C. § 1983. Plaintiff, a *pro se* non-prisoner litigant, initiated this case on July 13, 2016. He was subsequently granted leave to proceed as a pauper. (ECF No. 4.)

The Court took judicial notice that Plaintiff initiated a case in December 2014, bringing claims against nearly all of the named Defendants he sues in this case. (*Id.* (citing No. 4:14cv676-MW/CAS).) That case was dismissed on January 7, 2015, because it was barred by res judicata and the statute of limitations. (*Id.*)

Accordingly, the Court ordered Plaintiff to carefully consider "(1) whether the claims and legal contentions of the instant complaint are

warranted under existing law, (2) whether his factual contentions have evidentiary support, or (3) whether the claims are presented for an improper purpose 'such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" (*Id.* (quoting Fed. R. Civ. P. 11(b)).) The Court reminded Plaintiff that by presenting a pleading to this Court and by signing that pleading, Plaintiff's signature certifies that the first two statements are true and that the third statement is not true. The court ordered Plaintiff to show good cause on or before November 18, 2016, as to why he should not be sanctioned under Fed. R. Civ. P. 11(c), and demonstrating a plausible and viable claim which may proceed in this case. (*Id.*)

The Court further noted that Plaintiff had not complied with Local Rule 5.6, which states that a "party who files . . . a case must file a notice . . . if: (A) a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or (B) the new case involves issues of fact or law in common with the issues in another case pending in the District." (*Id.* (quoting N.D. Fla. Loc. R. 5.6.).) The Court took judicial notice that Plaintiff has filed many prior cases involving the same facts and related facts against the same or some of the Defendants. Accordingly, Plaintiff was

ordered to file the Local Rule 5.6 notice no later than November 18, 2016. The Court informed Plaintiff that no further action would be taken on his case until he complied with the Court's order. (*Id.*)

Plaintiff subsequently filed two motions for extension of time because he was in custody at the Leon County Jail and did not have the requisite legal materials to comply with the Court's order. (ECF Nos. 6–7.) The Court granted both of Plaintiff's requests and directed him to respond no later than February 27, 2017. (ECF No. 8.) Plaintiff was informed that failure to comply with the Court's order will result in a recommendation that his case be dismissed. (*Id.*)

Then on February 25, 2017, Plaintiff filed a third motion for extension of time. (ECF No. 10.) He requested an additional sixty (60) days to comply with the Court's orders because he was still in custody at the Leon County Jail and was "unable to provide the evidence and pleadings this Court has requested." (*Id.*)

The Court declined to grant an additional sixty days because the Court was not convinced that Plaintiff showed good cause for another sixty-day extension of time. (ECF No. 11.) Despite Plaintiff's custody status, the Court reminded Plaintiff that he is that one that initiated this case and it is his responsibility to comply with Court orders and move this

case forward. It was also unclear why Plaintiff was unable to compose an amended complaint, explain why he should not be sanctioned, or obtain information regarding his previously filed cases to file the requisite Local Rule 5.6 notice. It appeared that Plaintiff simply wanted to stay his case for an indefinite period of time until he is released from custody, whenever that may be. Accordingly, the Court provided Plaintiff ten days (until March 14, 2017), in which to file his response, amended complaint, and Local Rule 5.6 notice. Plaintiff was again reminded that failure to comply would result in a recommendation that his case be dismissed. The Court warned Plaintiff that no further extensions of time would be granted. (*Id.*)

Four days later, Plaintiff provided the instant amended complaint to jail officials for mailing. (ECF No. 12.) The amended complaint is twelve pages long and attaches a seven-page memorandum of law, as well as 134 pages of exhibits. Plaintiff's claims relate to the search of his home on October 25, 2002, after Plaintiff was arrested via arrest warrant for attempted murder. Law enforcement seized firearms pursuant to the search and discovered cocaine. As Defendants he names the following: (1) Officer Charles Perry; (2) Judge James Hankinson; (3) Sheriff Sam Bruce; (4) Deputy Randy Frazey; (5) Sheriff Bryan Person; (6) Agent Mike Ragan; (7) Deputy Marty West; (8) Officer Mike Womble; and (9) the United States

Marshals Service ("USMS").

Plaintiff claims his arrest was unlawful and that the subsequent warrantless search of his home was unlawful. At the time he was arrested, Plaintiff was also on probation for an arrest in early 2002 and subsequent conviction for possession of cocaine and driving under the influence. His probation was subsequently revoked in May 2003. Plaintiff says Defendants violated his Fourth and Fourteenth Amendment rights and were negligent under Florida law. Plaintiff seeks declaratory and injunctive relief. (*Id.*)

As exhibits, Plaintiff attaches copies of various court filings and documents related to his October 25, 2002 arrest, subsequent revocation of probation, and subsequent criminal prosecution for attempted murder, possession of firearms by a convicted felon, and possession of cocaine. (*Id.*) Plaintiff has also filed a Local Rule 5.6 notice advising the Court of five prior cases (three in the Northern District of Florida and two in the Middle District of Florida). He claims that all five of these prior cases were dismissed by the Court using "inadequate jurisdiction." (*Id.* at 152.)

What Plaintiff's filing does not include, however, is an explanation as to why he should not be sanctioned under Rule 11(c). Moreover, Plaintiff's Local Rule 5.6 notice fails to acknowledge multiple other prior cases that

raise the same claims based upon the same facts against the same Defendants. Perhaps Plaintiff was unable to provide a complete Local Rule 5.6 notice because he has simply lost track of all the cases he has previously filed. Nonetheless, despite having many other meritorious cases that require attention, the Court has reviewed PACER and discovered that Plaintiff since 2006 has filed eight cases related to the same facts and same Defendants as raised in the present case. These cases are:

(1) *Rolle v. United States Marshals Office*, No. 4:06-cv-401-RH-WCS (N.D. Fla. Aug. 31, 2006) (naming the USMS, Marty West, and Mike Womble as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed on October 24, 2006, as not cognizable with respect to the USMS and affirmed on appeal, and dismissed with prejudice with respect to Defendants West and Womble on July 27, 2009);

(2) *Rolle v. Tallahassee Police Dep't*, No. 4:06-cv-406-MP-WCS (N.D. Fla. Sept. 1, 2006) (naming Charles Perry and Mike Womble as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed on December 22, 2006 as *Heck*-barred);

(3) *Rolle v. Hankinson*, No. 4:07-cv-167-RH-AK (N.D. Fla. Apr. 10, 2007) (naming Judge Hankinson, Charles Perry, and Mike Womble as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed

on March 21, 2008 as frivolous);

(4) *Rolle v. Womble*, No. 4:14-cv-341-RH-CAS (N.D. Fla. July 2, 2014) (naming Mike Womble, Sam Bruce, Bryan Person, Mike Ragan, Randy Frazey, Marty West, and the USMS as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed as barred by res judicata and the statute of limitations);

(5) *Rolle v. Perry*, No. 4:14-cv-340-WS-GRJ (N.D. Fla. July 2, 2014) (naming Charles Perry, Mike Womble, and Judge Hankinson as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed on July 11, 2014 as barred by the statute of limitations);

(6) *Rolle v. Bruce*, No. 4:14-cv-676-MW-CAS (N.D. Fla. Dec. 15, 2014) (naming Sam Bruce, Randy Frazey, Bryan Person, Mike Ragan, Marty West, Mike Womble, and the USMS as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed on January 8, 2015 as barred by res judicata and the statute of limitations);

(7) *Rolle v. United States Marshals Service*, No. 5:15-cv-192-ACC-PRL (M.D. Fla. Apr. 15, 2015) (naming the USMS as a defendant in relation to Plaintiff's 2002 arrest. This case was dismissed on July 20, 2015 as frivolous and barred by res judicata and the statute of limitations); and

(8) *Rolle v. Bruce*, No. 5:15-cv-320-AC-PRL (M.D. Fla. June 19,

2015) (naming Sam Bruce, Randy Frazey, Bryan Person, Mike Ragan, Marty West, and Mike Womble as defendants in relation to Plaintiff's 2002 arrest. This case was dismissed on July 24, 2015 as frivolous and barred by res judicata and the statute of limitations).

Plaintiff's amended complaint is due to be dismissed for the following reasons. As an initial matter, Plaintiff has failed to comply with the Court's order to show cause as to why he should not be sanctioned under Fed. R. Civ. P. 11(c). A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or fails to comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Based on the Court's review of Plaintiff's prior cases, the Court concludes that the instant complaint was filed for an improper purpose. Plaintiff repeatedly (and unsuccessfully) has brought the same claims against the same defendants related to the same arrest in 2002. He has

been advised by the Court numerous times that his claims fail for various reasons and that amendment would be futile. Yet, despite the Court's clear direction he continues to file the same claims in disregard of the Court's orders. Perhaps this explains why Plaintiff yet again failed to comply with the Court's order to show cause as to why he should not be sanctioned. Despite the Courts advice that Plaintiff's failure to comply would result in a recommendation that the case would be dismissed Plaintiff nonetheless failed to comply. Thus, dismissal is an appropriate sanction.

In addition to Plaintiff's failure to comply with the Court's directives, Plaintiffs claims are frivolous, making amendment futile. An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusions, or without an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *see Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the USMS were resolved in Case No. 4:06-cv-401-RH-WCS. There, the Eleventh Circuit affirmed the district court's dismissal of Plaintiff's claims against the USMS because principles of sovereign immunity bar suits against the United States and federal agencies in *Bivens* actions. ECF No. 35 at 10. Since then Plaintiff has tried to bring the same claim against the USMS on three separate occasions and has been told on three separate occasions that his claim is barred by res judicata. Nothing has changed and nothing in the complaint in this case makes the fourth time the charm.

Plaintiff's claims against Defendants West and Womble were also resolved in Case No. 4:06-cv-401-RH-WCS, when summary judgment was entered in their favor. ECF No. 155–56. Although Plaintiff appealed that judgment, the Eleventh Circuit dismissed the appeal for lack of prosecution in 2009. ECF No. 175. His claims against Defendants West and Womble are therefore also barred by res judicata.

As to Plaintiff's claims against Judge Hankinson, Plaintiff cannot state a claim for relief. A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Plaintiff's claims against Judge

Hankinson relate to the issuance of the arrest warrant for Plaintiff in 2002. But as the Court previously advised Plaintiff, any claims against Judge Hankinson related to actions taken in his judicial capacity are barred by judicial immunity. *See Rolle v. Dilmore*, No. 4:14-cv-339-RH-CAS, ECF Nos. 6, 12 (N.D. Fla. July 2, 2014) (dismissing Plaintiff's claims against Judge Hankinson in relation to Plaintiff's 2002 conviction and subsequent sentence of probation, as barred by the doctrine of judicial immunity); *Rolle v. Kirwin*, No. 4:14-cv-672-RH-GRJ, ECF Nos. 11, 13 (N.D. Fla. Dec. 15, 2014) (dismissing Plaintiff's claims against Judge Hankinson in relation to Plaintiff's 2002 conviction and subsequent sentence of probation, as barred by the doctrine of judicial immunity, the statute of limitations, and for failure to state a claim).

Even if Plaintiff's claims were not barred by res judicata or the doctrine of judicial immunity, any claims related to Plaintiff's October 25, 2002 arrest are now long since time-barred. A court may dismiss a claim on statute of limitations grounds if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In Florida, " a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188

(11th Cir. 1999). Plaintiff's allegations pertaining to these Defendants concern events that occurred more than fourteen years ago. Thus, any § 1983 claims related to Plaintiff's October 25, 2002 arrest have been time-barred for more than ten years. Plaintiff is indeed aware of this, as the Court previously informed him of this fact in five prior cases against these specific Defendants. *See* Nos. 4:14-cv-340-WS-GRJ; 4:14-cv-341-RH-CAS; 4:14-cv-676-MW-CAS; 5:15-cv-192-ACC-PRL; 5:15-cv-320-AC-PRL.

Likewise, to the extent Plaintiff brings negligence claims, those claims are also barred by the statute of limitations. Under Florida law, the statute of limitations for negligence actions is four years. *See* Fla. Stat. § 95.11(3). "A cause of action accrues when the last element constituting the cause of action occurs." *Id.* § 95.031(1); *see also Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (the last element of a negligence cause of action is actual loss or damage). Presumably, Plaintiff's negligence claims as they relate to his October 25, 2002 arrest accrued, at the absolute latest, in May 2003 when his probation was revoked. Plaintiff's negligence claims have therefore also been time-barred for almost ten years. All of Plaintiff's claims in this case are frivolous, cannot be cured by amendment, and warrant dismissal.

While § 1915(a) permits federal courts to "authorize the

commencement, prosecution or defense of any suit . . . or appeal therein, without prepayment of fees," § 1915(e)(2) also mandates federal courts to dismiss "frivolous or malicious" cases. A court may deny in forma pauperis status prospectively. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (revoking appellant's IFP privilege and directing the Clerk to refuse to accept any more of appellant's civil appeals that are not accompanied by the appropriate filing fees). The Court there in discussing the relevant Supreme Court precedent authorizing the court deny in forma pauperis status prospectively wrote:

> For example, in *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam), the Court directed its Clerk not to process unpaid extraordinary writ petitions from a particularly abusive litigant, explaining, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.* at 184, 109 S.Ct. 993. Importantly, the *McDonald* Court made this decision after analyzing section 1915(a) . . . . *Id.* at 183–84, 109 S.Ct. 993. Since *McDonald*, the Supreme Court has regularly issued blanket prohibitions against granting IFP status for non-criminal petitions from abusive filers, *see, e.g.*, *Al–Hakim v. Publix Supermarkets*, —— U.S. ——, 128 S.Ct. 712, 169 L.Ed.2d 550 (2007) (per curiam); *Martin v. D.C. Court of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (per curiam), and other circuits have relied on the Court's pronouncements in prospectively denying IFP status to abusive litigants, *see, e.g.*, *Visser v. Supreme Court of Cal.*, 919 F.2d 113, 114 (9th Cir.1990) (order); *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam). Finally, in 1996, Congress amended 28 U.S.C. § 1915 to prevent prisoners who have filed

> three frivolous, malicious or meritless claims from proceeding IFP in future cases unless they are "under imminent danger of serious physical injury." *See* Prison Litigation Reform Act, Pub.L. No. 104–134 §§ 801–10, 110 Stat. 1321 (1996). If such a rule is appropriate for prisoners, who are severely limited in their ability to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants.

*Id.*

> The Eleventh Circuit has further explained:
>
> The right of access to the courts "is neither absolute nor unconditional." . . . . Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the ability of a well-functioning judiciary to all litigants. . . . . Absent monetary costs as a constraint, the sheer volume of frivolous IFP suits threatens to undermine the availability of the federal courts to the public. To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants. Reimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

*Id.* (internal citations omitted). Nonetheless, any injunction imposed on an indigent *pro se* litigant must not go beyond what is sufficient to protect the district court's jurisdiction from the litigant's repetitive filings related to the particular issue at hand, thereby upholding the litigant's general right of access to the courts. *Id.* at 1097–99; *see also In re Martin-Trigona*, 737 F.2d 1254, 1262–63 (2d Cir. 1984) (holding that district court properly

issued injunction prohibiting vexatious litigant from further litigation in federal court without prior leave of court). This Court has followed this authority in at least one other case, in which a vexatious litigant's IFP status was revoked and the Clerk was directed to refuse any future filings unless accompanied by the full filing fee. *See Johnson v. Irby*, No. 1:09-cv-3-MP-AK, 2009 WL 1973510, at *1 (N.D. Fla. July 8, 2009); *see also Bethel v. Bosch*, No. 10-651-WS-M, 2010 WL 5014752, at *6–7 (S.D. Ala. Dec. 2, 2010) (prohibiting plaintiffs from filing any new lawsuits without prior judicial review and approval).

Plaintiff has failed repeatedly to heed warnings that sanctions may be imposed if he continues to abuse the judicial process by filing frivolous complaints.[1] The filing of frivolous complaints requires the Court to waste

---

[1] For example, in Case No. 4:07-cv-167-RH-AK, this Court denied Plaintiff's post-judgment and post-appeal motions, and directed the Clerk to accept no further filings. ECF No. 65. The district judge stated:

> This case is over. The Eleventh Circuit has issued its mandate dismissing the plaintiff's appeal from the judgment dismissing the case. The Eleventh Circuit also has issued its mandate dismissing the plaintiff's appeal from the denial of post-judgment motions. After the mandates were issued, the plaintiff filed a motion to recuse the district and magistrate judges who handled the case and to set aside a prior order. I denied the motion with an order much like this one. The plaintiff did not appeal and could not properly have done so. Nonetheless, more than two months later, the plaintiff filed three more motions, all frivolous. I denied the motions and ordered the plaintiff to file nothing further in this case—other than a notice of appeal accompanied by the filing fee. I noted that a violation of the order would constitute contempt of court. The plaintiff now has filed two more motions, both frivolous. He perhaps is attempting to provoke a contempt order so that he can litigate further.

valuable and scarce judicial resources that could and should be spent on the many other meritorious cases pending before the Court. Although Plaintiff repeatedly has been labeled a "frequent filer" and "serial filer,"[2] Plaintiff's conduct goes far beyond these labels. Instead of simply filing different cases based upon different events, Plaintiff has filed essentially the same case over and over despite being informed that his claims fail for various reasons.[3] Plaintiff ignores the Court's orders and continues to

---

*Id.* at 1–2.   Similarly, in Case No. 5:15-cv-192-ACC-PRL, the Court stated,

> Further, as evidenced by Plaintiff's repeated filings, he has failed to heed the court's prior warnings regarding sanctions for frivolous filings. Consequently, Plaintiff is advised that if he files such frivolous actions in the future, he shall be subject to sanctions pursuant to Rul 11 of the Federal Rules of Civil Procedure. In addition, Plaintiff may be deemed an abusive filer, Plaintiff's in forma pauperis status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee.

ECF No. 5 at 4; *see also* No. 5:15-cv-320-ACC-PRL, ECF No. 3 at 4 (advising Plaintiff of the same warning as set forth in Case No. 5:15-cv-192-ACC-PRL).

[2] *See* No. 5:15-cv-192-ACC-PRL, ECF No. 5 at 2 ("As a preliminary matter, the undersigned observes that Plaintiff is not an ordinary litigant. As other courts in this district have observed, 'Plaintiff is essentially a serial filer and continues to file the same actions repeatedly in different districts and divisions hoping for a different result.'"); No. 5:15-cv-320-ACC-PRL, ECF No. 3 at 2 ("As a preliminary matter, the undersigned observes that Plaintiff is not an ordinary litigant. As other courts in this district have observed, 'Plaintiff is essentially a serial filer and continues to file the same actions repeatedly in different districts and divisions hoping for a different result.'"); No. 4:14-cv-676-MW-CAS, ECF No. 10 at 1 ("Plaintiff is a frequent filer in this Court"); No. 4:14-cv-341-RH-CAS, ECF No. 6 at 1 ("Plaintiff is a frequent filer in this Court").

[3] The Court also takes judicial notice that Plaintiff has another line of frivolous cases against a different group of defendants related to his arrest in early 2002, subsequent conviction pursuant to a guilty plea, and probation sentence. *See Rolle v. Dilmore*, No. 4:14-cv-339-RH-CAS (N.D. Fla. July 2, 2014) (dismissing Plaintiff's claims in relation to Plaintiff's early 2002 arrest and subsequent conviction as barred by the

consume the Court's limited resources by pursuing the frivolous complaints. Plaintiff has been pursuing the same claims against the same Defendants arising from the same facts for the past ten years through the filing of nine separate cases, including the instant case. Other courts have tried to prevent Plaintiff from pursuing the same course of action by issuing warnings that sanctions may be imposed and have revoked Plaintiff's in forma pauperis status prospectively, yet Plaintiff persists. The time has come to end Plaintiff's abuse of the judicial process with respect to his frivolous claims concerning his October 25, 2002 arrest.

Furthermore, because Plaintiff has also failed to show cause as to why he should not be sanctioned for filing yet another frivolous complaint,

---

doctrine of judicial immunity, the statute of limitations, and for failure to state a claim); *Rolle v. Kirwin*, No. 4:14-cv-672-RH-GRJ, ECF Nos. 11, 13 (N.D. Fla. Dec. 15, 2014) (dismissing Plaintiff's claims in relation to Plaintiff's early 2002 arrest and subsequent conviction as barred by the doctrine of judicial immunity, the statute of limitations, and for failure to state a claim); *Rolle v. Maceluch,* No. 5:15-cv-191-JSM-PRL (M.D. Fla. Apr. 15, 2015) (dismissing Plaintiff's complaint as frivolous where claims related to Plaintiff's early 2002 arrest and subsequent conviction were barred by res judicata, the statute of limitations, and were without merit)*; Rolle v. Maceluch*, No. 5:15-cv-285-MMH-PRL (M.D. Fla. June 10, 2015) (dismissing Plaintiff's complaint as frivolous where claims related to Plaintiff's early 2002 arrest and subsequent conviction were barred by res judicata, the statute of limitations, and were without merit); *Rolle v. City of Tallahassee*, No. 5:15-cv-462-JSM-PRL (M.D. Fla. Sept. 9, 2015) (dismissing Plaintiff's complaint as frivolous where claims related to Plaintiff's early 2002 arrest, subsequent conviction and probation sentence, and probation revocation); *Rolle v. Tallahassee Police Dep't*, No. 4:16-cv-425-RH-GRJ (N.D. Fla. July 13, 2016) (alleging claims related to Plaintiff's early 2002 arrest and subsequent conviction, and still pending). Notably, in October 2015 in Case No. 5:15-cv-462-JSM-PRL, the Middle District of Florida imposed a sanction in the amount of $200.00 on Plaintiff for filing yet another frivolous action despite numerous warnings from the court discouraging Plaintiff from filing frivolous complaints. ECF Nos. 3, 5, 9.

and in light of Plaintiff's frivolous filings and abuse of the judicial process, the undersigned recommends that the Court direct the Clerk to refuse any further civil filings by Plaintiff in this District related to his October 25, 2002 arrest and subsequent conviction (excluding any cases currently pending)[4] unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case should be **DISMISSED** as frivolous pursuant to § 1915(e)(2)(B).

2. The Clerk should be directed to refuse any further civil filings by Plaintiff related to his October 25, 2002 arrest and subsequent conviction unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval.

**IN CHAMBERS**, this 23rd day of March, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[4] Plaintiff currently has three other cases pending before this Court: (1) *Rolle v. City of Tallahassee Fla.*, No. 4:16-cv-50-RH-GRJ (N.D. Fla. Jan. 27, 2016) (asserting claims related to Plaintiff's October 25, 2002 arrest, subsequent conviction, and revocation of probation); (2) *Rolle v. Tallahassee Police Dep't*, No. 4:16-cv-425-RH-GRJ (N.D. Fla. July 13, 2016) (asserting claims related to Plaintiff's early 2002 arrest, subsequent conviction, and probation sentence); and (3) *Rolle v. Glenn*, No. 4:17-cv-134-MW-CAS (N.D. Fla. Mar. 17, 2017) (asserting claims related to Plaintiff's arrests in 2015 and 2016 on violations of probation and subsequent revocation proceedings).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**